1  ALEX G. TSE (CABN 152348)
   Acting United States Attorney

2

3  BARBARA J. VALLIERE (DCBN 439353)
   Chief, Criminal Division

4  CHINHAYI COLEMAN CADET (CABN 194542)
   Assistant United States Attorney

5

6      450 Golden Gate Avenue, Box 36055
       San Francisco, California 94102-3495

7      Telephone: (415) 436-7205
       FAX: (415) 436-7234

8      Chinhayi.cadet@usdoj.gov

9  Attorneys for United States of America

                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                    SAN FRANCISCO DIVISION

12

13  UNITED STATES OF AMERICA,            )   No.  CR 14-00639 EMC
                                         )
14         Plaintiff,                     )   **STIPULATION AND [PROPOSED] ORDER TO**
                                         )   **AMEND THE JUDGMENT**
15      v.                               )
                                         )
16  SCOTT STEEVER,                       )
                                         )
17         Defendant.                     )
                                         )
18  _____      )

19

20

21

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED] ORDER TO AMEND THE JUDGMENT
CR 14-00639 EMC

1.    It is hereby stipulated and agreed by and between counsel for the United States and counsel for defendant Scott Steever that, subject to the Court's approval, the Court enter an Amended Judgment in this case pursuant to Federal Rule of Criminal Procedure 36.  In support of this request, the parties state as follows.

2.    Based upon information received in connection with the sentencing of co-defendant Robert Anderson, counsel discovered that the Judgment filed in this case on November 7, 2017, incorrectly set forth an amount owing to one of the victims.  A copy of the original Judgment is attached hereto as Exhibit A.  As set forth therein, the Judgment provides that the following victims should be paid the following amounts:

                          B.M.    $210,189.16

                          J.R.    $45,000

                          V.A.    $28,500

3.    However, in connection with the sentencing of co-defendant Robert Anderson, the parties learned that victim B.M has received compensation from co-defendant Anderson and from other sources.  Accordingly, the parties anticipate that the Judgment in Anderson's case will provide only for restitution for victims J.R. and V.A., and will not provide for restitution for victim B.M.  Steever has joint and several liability for payment of restitution with co-defendant Anderson.

4.    The parties received the Steever Judgment shortly after it was issued, but counsel did not notice the error in the restitution provisions therein at that time.  The error was realized in connection with the sentencing of co-defendant Robert Anderson, which took place on January 24, 2018.

5.    Federal Rule of Criminal Procedure 36 provides in relevant part that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment . . . or correct an error in the record arising from oversight or omission."

6.    The parties now jointly request that the Court enter an Amended Judgment that amends the Criminal Monetary Penalties section on page 6 to provide that restitution should be paid as follows:

                          J.R.    $45,000

                          V.A.    $28,500

1  Because victim B.M. has been fully reimbursed, references to "B.M." and "$210,189.16" should not

2  appear in the Criminal Monetary Penalties section on page 6 of the Judgment.  Additionally, the total

3  amount of restitution set forth on pages 6 and 7 of the Judgment should reflect "$73,500" (instead of the

4  currently stated total amount of "$283,689.16").

5

6  IT IS SO STIPULATED.

7                                                                    ALEX G. TSE
                                                                    Acting United States Attorney
8

9  Dated:  January 29, 2018                    _____
                                                                    /s/
10                                                                  CHINHAYI COLEMAN CADET
                                                                    Assistant United States Attorney
11

12 Dated:  January 29, 2018                    _____
                                                                    /s/
                                                                    CANDIS MITCHELL
13                                                                  Attorney for Defendant Scott Steever

14                              **[PRO̶P̶OSED] ORDER**

15        In accordance with the stipulation of the parties, and for good cause shown, the Court hereby

16 ORDERS that an Amended Judgment be issued that

17        (1)     deletes the reference to "B.M." and "$210,189.16" in the Criminal Monetary Penalties

18                section on page 6 of the Judgment;

19        (2)     reflects that restitution should be paid as follows:

20                J.R.    $45,000

21                V.A.    $28,500; and,

22        (3)     reflects that the total amount of restitution set forth on pages 6 and 7 of the Judgment is

23                "$73,500" (replacing the currently stated total amount of "$283,689.16").

24 IT IS SO ORDERED.

25

26 Dated:    2/1/2018                        _____

27                                                                  HONORABLE _____ CHEN
                                                                    United States ____

28

STIPULATION AND [PROPOSED] ORDER TO AMEND THE JUDGMENT
CR 14-00639 EMC                          2

# Exhibit 1

AO 245B (Rev. AO 11/16-CAN 05/17) Judgment in Criminal Case

# UNITED STATES DISTRICT COURT
## Northern District of California

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>**v.**<br>Scott Steever | **JUDGMENT IN A CRIMINAL CASE** |

)
)
)
)
)
)
)

USDC Case Number:  CR-14-00639-002 EMC
BOP Case Number:  DCAN314CR00639-002
USM Number:  20213-111
Defendant's Attorney:  Candis Mitchell (AFPD)

**THE DEFENDANT:**

☑ pleaded guilty to count(s): One and Two of the Indictment.

☐ pleaded nolo contendere to count(s): which was accepted by the court.

☐ was found guilty on count(s): after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1349 | Conspiracy to Commit Wire Fraud | August 2012 | 1 |
| 18 U.S.C. § 1956(h) | Conspiracy To Commit Money Laundering or twice the gross gain or loss, whichever is greater | April 2010 | 2 |
| | | | |

The defendant is sentenced as provided in pages 2 through  8  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s):

☑ Count(s) Three through Nine of the Indictment  are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.



10/25/2017
Date of Imposition of Judgment

Signature of Judge
The Honorable Edward M. Chen
United States District Judge
Name & Title of Judge

11/6/2017
Date

IT IS SO ORDERED

Judge Edward M. Chen

AO 245B (Rev. AO 11/16-CAN 05/17) Judgment in Criminal Case

| DEFENDANT: Scott Steever | Judgment - Page 2 of 8 |
|---|---|
| CASE NUMBER: CR-14-00639-002 EMC | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
        15 months. This term consists of terms of 15 months on each of Counts One and Two, all counts to be served concurrently.

The appearance bond is hereby exonerated, or upon surrender of the defendant as noted below.  Any cash bail plus interest shall be returned to the owner(s) listed on the Affidavit of Owner of Cash Security form on file in the Clerk's Office.

☑ The Court makes the following recommendations to the Bureau of Prisons:
    Designate at a facility consistent with the defendant's classification that has appropriate medical care and is close to the San Francisco Bay Area, possibly the Rochester facility.
☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at   on  (no later than 2:00 pm).

    ☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☑ by 2:00 pm on 1/8/2018 (no later than 2:00 pm).

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at
_____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. AO 11/16-CAN 05/17) Judgment in Criminal Case

| DEFENDANT: Scott Steever | Judgment - Page 3 of 8 |
|---|---|
| CASE NUMBER: CR-14-00639-002 EMC | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: <u>Three years. This term consists of terms of three years on each of Counts One and Two, all such terms to run concurrently.</u>

## MANDATORY CONDITIONS OF SUPERVISION

1) You must not commit another federal, state or local crime.

2) You must not unlawfully possess a controlled substance.

3) You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
  - [✓] The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

4) [✓] You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

5) [ ] You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

6) [ ] You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. AO 11/16-CAN 05/17) Judgment in Criminal Case

| | |
|---|---|
| DEFENDANT:  Scott Steever | Judgment - Page 4 of 8 |
| CASE NUMBER:  CR-14-00639-002 EMC | |

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court, and bring about improvements in your conduct and condition.

1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of RELEASE, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4) You must follow the instructions of the probation officer related to the conditions of supervision.
5) You must answer truthfully the questions asked by your probation officer.
6) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with, for example), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
7) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by these and the special conditions of your supervision that he or she observes in plain view.
8) You must work regularly at a lawful occupation, unless excused by the probation officer. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
9) You must not communicate or interact with someone you know is engaged in criminal activity. You must not associate, communicate, or interact with any person you know has been convicted of a felony, unless granted permission to do so by the probation officer.
10) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

☐ If the probation officer determines that you pose a risk to a third party, the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk. *(check if applicable)*

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions.  I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision upon a finding of a violation of probation or supervised release.

(Signed) _____          _____
                      Defendant                                                            Date

                 _____          _____
                 U.S. Probation Officer/Designated Witness                    Date

AO 245B (Rev. AO 11/16-CAN 05/17) Judgment in Criminal Case

| | |
|---|---|
| DEFENDANT:  Scott Steever | Judgment - Page 5 of 8 |
| CASE NUMBER:  CR-14-00639-002 EMC | |

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall not maintain a position of fiduciary capacity without the prior permission of the probation officer.

2. The defendant shall pay any restitution and special assessment that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release.

3. The defendant shall not open any new lines of credit and/or incur new debt without the prior permission of the probation officer.

4. The defendant shall provide the probation officer with access to any financial information, including tax returns, and shall authorize the probation officer to conduct credit checks and obtain copies of income tax returns.

5. The defendant shall participate in a mental health treatment program, as directed by the probation officer. The defendant is to pay part or all cost of this treatment, at an amount not to exceed the cost of treatment, as deemed appropriate by the probation officer. Payments shall never exceed the total cost of mental health counseling. The actual co-payment schedule shall be determined by the probation officer.

6. The defendant shall not have contact with any codefendant in this case, namely Robert Anderson.

7. The defendant shall cooperate in the collection of DNA as directed by the probation officer.

8. The defendant shall not own or possess any firearms, ammunition, destructive devices, or other dangerous weapons.

9. The defendant shall submit his person, residence, office, vehicle, or any property under his control to a search. Such a search shall be conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

AO 245B (Rev. AO 11/16-CAN 05/17) Judgment in Criminal Case

| | |
|---|---|
| DEFENDANT:  Scott Steever | Judgment - Page 6 of 8 |
| CASE NUMBER:  CR-14-00639-002 EMC | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments.

| | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| **TOTALS** | $ 200 | N/A | Waived | $ 283,689.16 |

☐  The determination of restitution is deferred until. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| B.M. | | $210,189.16 | |
| J.R. | | $45,000 | |
| V.A. | | 28,500 | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | | $283,689.16 | |

☑  Restitution amount ordered pursuant to plea agreement $ <u>283,689.16</u>

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☑  the interest requirement is waived for the restitution.

    ☐  the interest requirement is waived for the  is modified as follows:

---

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. AO 11/16-CAN 05/17) Judgment in Criminal Case

| | |
|---|---|
| DEFENDANT: Scott Steever | Judgment - Page 7 of 8 |
| CASE NUMBER: CR-14-00639-002 EMC | |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows[*]:

**A** ☑ Lump sum payment of _____ $283,889.16 _____ due immediately, balance due

       ☐ not later than  , or
       ☑ in accordance with   ☐ C,  ☐ D, or  ☐ E, and/or  ☑ F below); or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal (e.g., weekly, monthly, quarterly) installments of  _ over a period of  (e.g., months or years), to commence  (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal (e.g., weekly, monthly, quarterly) installments of  _ over a period of  (e.g., months or years), to commence  (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within  (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:
**During imprisonment, payment of restitution is due at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program. Once the defendant is on supervised release, the restitution must be paid in monthly payments of not less than $100 or at least 10 percent of earnings, whichever is greater, to commence no later than 60 days from placement on supervision. Any established payment plan does not preclude enforcement efforts by the US Attorney's Office if the defendant has the ability to pay more than the minimum due. The restitution payments shall be made to the Clerk of U.S. District Court, Attention: Financial Unit, 450 Golden Gate Ave., Box 36060, San Francisco, CA 94102. The Court gives notice that this case involves other defendants who may be held jointly and severally liable for payment of all or part of the restitution ordered herein and may order such payment in the future, but such future orders do not affect this defendant's responsibility for the full amount of the restitution ordered.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| | | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

---

[*] Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B (Rev. AO 11/16-CAN 05/17) Judgment in Criminal Case

| | |
|---|---|
| DEFENDANT:  Scott Steever | Judgment - Page 8 of 8 |
| CASE NUMBER:  CR-14-00639-002 EMC | |

☑     The Court gives notice that this case involves other defendants who may be held jointly and severally liable for payment of all or part of the restitution ordered herein and may order such payment in the future, **but such future orders do not affect the defendant's responsibility for the full amount of the restitution ordered.**